UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

NATHAN BROOKS, Individually and on Behalf of All Other Persons Similarly Situated,

    Plaintiffs,

v.

HALSTED COMMUNICATIONS, LTD
    Defendant

C.A. No. 2007-

# COMPLAINT

## Count I

### FLSA Collective Action Claims

1. Defendant has since at least August 10, 2005, willfully violated the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. ("FLSA"), by failing to pay Plaintiff, Nathan Brooks ("Plaintiff" or "Brooks"), and all other persons employed by it as Technicians, time and one-half their regular rate of pay for all hours worked in excess of forty per week.

2. This action is brought as a collective action pursuant to 29 U.S.C. §216(b), on behalf of Plaintiff and all other persons who are or have been employed by Defendant anywhere in the United States as Technicians between August 10, 2005 and the date of final disposition of this action (the "FLSA Class Period").

3. Plaintiff and all similarly situated Technicians are hereinafter referred to collectively as "the FLSA Class."

4. The FLSA Class Members are similarly situated because they all perform the same basic duties, responsibilities, and activities, and are all subject to the Defendant's common policy

and practice of failing to pay its Technicians overtime compensation for all hours worked over forty in any given workweek.

## Jurisdiction and Venue

5. This Court has jurisdiction over the subject matter of Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b). The Plaintiff is a residents of this district, and Defendant regularly conducts business in this district. In addition, a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

7. Defendant is engaged is interstate commerce.

## Parties

8. Plaintiff is a resident of Holyoke, Massachusetts.

9. Between approximately February 2007 and the present, Defendant employed Plaintiff as a Technician.

10. On information and belief, Defendant is a corporation with a principal office at 13 Commerce Drive, Ballston Spa, New York and a usual place of business at 87 Carando Drive, Springfield, Hampden County, Massachusetts. Since at least August 10, 2005, Defendant has regularly transacted business in Massachusetts within this district.

## Individual Allegations

11. Defendant is engaged in the business of providing satellite television installation for DirectTV to residential and commercial customers in Massachusetts and across the nation.

12. Plaintiff's duties, responsibilities, and activities include but are not limited to the activation and/or installation of satellite television equipment and services.

2

13. While engaged in the activation and/or installation of satellite television equipment and services, Plaintiff performs manual labor.

14. While engaged in the activation and/or installation of satellite television equipment and services, Plaintiff drives a commercial motor vehicle with a gross vehicle weight of less than 10,001 pounds.

15. Defendant was at all relevant times an "employer" of the Plaintiff as that term is defined in 29 U.S.C. §203(d).

16. Plaintiff is paid on a piecework basis.

17. Plaintiff's hours vary from workweek to workweek.

18. Plaintiff typically works more than forty hours per week.

19. Plaintiff is not paid overtime wages at the rate of one and one-half times his regular rate of pay as required by the FLSA and applicable state laws.

20. Plaintiff is not exempt from the overtime provisions of the FLSA or any applicable state laws.

21. During the FLSA Class Period, Defendant was aware of the duties performed by Plaintiff.

22. During the FLSA Class Period, Defendant was aware that Plaintiff was not exempt from the overtime provisions of the FLSA.

23. Annexed hereto as **Exhibit A** is a written consent to the filing of this Complaint duly executed by Plaintiff pursuant to 29 U.S.C. §216(b).

### FLSA Collective Action Allegations

24. While the exact number of members of the FLSA Class is unknown to Plaintiff at the present time, Plaintiff believes that at least several hundred similarly situated persons are or

have been employed by Defendant as Technicians since August 10, 2005. Thus, a collective action is the most efficient mechanism for resolution of the claims of the FLSA Class.

25. The duties, responsibilities, and activities of the FLSA Class Members are essentially the same as the duties, responsibilities, and activities of Plaintiff described in paragraphs 11 through 13.

26. The FLSA Class Members are paid in the same manner and under the same standard employment procedures and practices as Plaintiff.

27. While engaged in the activation and/or installation of satellite television equipment and services, the FLSA Class Members perform manual labor.

28. While engaged in the activation and/or installation of satellite television equipment and services, the FLSA Class Members drive commercial motor vehicles with a gross vehicle weight of less than 10,001 pounds.

29. Defendant was at all relevant times an "employer" of the FLSA Class Members as that term is defined in 29 U.S.C. §203(d).

30. The FLSA Class Members are paid on a piecework basis.

31. The hours worked by the FLSA Class Members vary from workweek to workweek.

32. The FLSA Class Members typically work more than forty hours per week.

33. The FLSA Class Members are not paid overtime wages at the rate of one and one-half times their regular rate of pay as required by the FLSA.

34. The FLSA Class Members are not exempt from the overtime provisions of the FLSA.

35. During the FLSA Class Period, Defendant was aware of the duties performed by the FLSA Class Members.

36. During the FLSA Class Period, Defendant was aware that the FLSA Class Members were not exempt from the overtime provisions of the FLSA.

37. Plaintiff is currently unaware of the identities of all the members of the FLSA Class.

38. Defendant violated 29 U.S.C. §207(a) by failing to pay the Plaintiff and the FLSA Class Members one and one-half times their regular rate of pay for hours worked in excess of forty during each workweek.

39. Defendant's violations of 29 U.S.C. §207(a) were willful, repeated and intentional.

40. Plaintiff and the FLSA Class Members have been damaged by said violations of 29 U.S.C. §207(a).

41. Pursuant to 29 U.S.C. §207(a) and §216(b), Defendant is liable to the Plaintiff and the FLSA Class Members for the full amount of their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus their attorneys' fees and costs.

## Count II

## Massachusetts State Law Claims

42. Plaintiff hereby incorporates and realleges the allegations contained in paragraphs 1 through 40, above.

43. In this Count, Plaintiff brings a separate cause of action pursuant to Mass. G. L. c. 151, §§1A, 1B and Fed. R. Civ. P. 23 on behalf of himself and all persons who are or have been employed by Defendant as Technicians in Massachusetts between August 10, 2005, and the date of final disposition of this action (the "Rule 23 Class Period").

44. Mass. G. L. c. 151, §1B provides that employers who willfully or with reckless indifference to the rights of their employees fail to pay the overtime wages required by G. L. c.

151, §1A shall be liable in a civil action brought by an aggrieved employee for three times the unpaid overtime wages owed by the employer.

45. During the Rule 23 Class Period, Defendant violated Massachusetts law by failing to pay Plaintiffs one and one-half times their regular rates of pay for all hours in excess of forty hours which they worked within a workweek.

46. Plaintiff and all such similarly situated persons are hereinafter referred to collectively as "the Massachusetts Class." The members of the Massachusetts Class are similarly situated because they all perform the same basic duties, responsibilities, and activities, and all are subject to the Defendant's common policy and practice, implemented throughout the Commonwealth of Massachusetts, of failing to pay its Technicians overtime compensation in violation of Mass. G. L. c. 151, §1A.

## Jurisdiction

47. This Court has jurisdiction over Count II pursuant to 28 U.S.C. §1367.

## Massachusetts Claim Allegations

48. The duties, responsibilities, and activities of the Massachusetts Class Members are essentially the same as the duties, responsibilities, and activities of Plaintiff described in paragraphs 11 through 13.

49. The Massachusetts Class Members are paid in the same manner and under the same standard employment procedures and practices as Plaintiff.

50. Plaintiff and the Massachusetts Class Members are all subject to Defendant's common policy and practice of failing to pay its Technicians overtime compensation for all hours worked over forty in a given workweek.

51. During the Rule 23 Class Period, Defendant was aware of the duties performed by Plaintiff and the Massachusetts Class Members.

52. During the Rule 23 Class Period, Defendant was aware that Plaintiff and the Massachusetts Class Members were not exempt from the overtime provisions of Mass. G. L. c. 151, §1A.

53. Defendant violated Mass. G. L. c. 151, §1A by failing to pay Plaintiff and the Massachusetts Class Members one and one-half times their regular rate of pay for hours worked in excess of forty during each workweek.

54. Defendant's violations of Mass. G. L. c. 151, § 1A were repeated, willful and intentional.

55. Plaintiff and the Massachusetts Class Members have been damaged by said violations of Mass. G. L. c. 151, §1A.

56. Pursuant to Mass. G. L. c. 151, §§1A, 1B, Defendant is liable to Plaintiff and the Massachusetts Class Members for three times their unpaid overtime compensation, plus their attorneys' fees and costs.

### Massachusetts Class Action Allegations

57. Plaintiff is currently unaware of the identities of all the members of the Massachusetts Class.

58. On information and belief, at least 50 persons have worked for Defendant as a Technicians in Massachusetts during the Rule 23 Class Period and would therefore be members of the Massachusetts Class. For this reason, joinder of all members of the Massachusetts Class would be impracticable.

59. There are numerous questions of law and fact, such as the duties, responsibilities, and activities of the Massachusetts Class Members and whether such duties are inconsistent with exempt status under Mass. G. L. c. 151, §1A.

60. The claims of Plaintiff are typical of the claims of the Massachusetts Class because each such Class Member was unlawfully classified as exempt from the overtime laws while driving a commercial motor vehicle with a gross vehicle weight of less than 10,001 pounds

61. The Defendant's presumed defense that Plaintiff and the Massachusetts Class Members were properly classified as exempt will be the same for each individual and will not turn on any individual differences in such person's job duties.

62. The prosecution of separate actions against the Defendant under Massachusetts law would create a risk of inconsistent or varying adjudications with respect to Plaintiff and the individual members of the Massachusetts Class that would establish incompatible standards of conduct for the Defendant. In addition, adjudications with respect to individual members of the class could as a practical matter be dispositive of the interests of the other members of the Massachusetts Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

63. Questions of law or fact common to the Massachusetts Class Members predominate over any question affecting only individual members of that Class. A class action, therefore, is superior to other available methods for the fair and efficient adjudication of the controversy. All of the facts material to resolving the common legal question of whether exemption from the Massachusetts overtime laws was appropriate are common to the Massachusetts Class Members. Facts that may not be common to this Class are immaterial to resolving the common legal question of whether the Defendant's failure to pay overtime compensation to the Massachusetts Class was correct. Common issues predominate over any individual questions. There will be no difficulty in managing the case as a class action.

## **Claims for Relief**

Wherefore, Plaintiff respectfully request that the Court:

A. Declare Count I of this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct the Defendant to provide Plaintiff with lists of all persons employed by it as Technicians during the FLSA Class Period, including the last known address and telephone number of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

B. Determine the damages sustained by Plaintiff and the FLSA Class Members as a result of the Defendant's violations of 29 U.S.C. §207(a), and award those damages against the Defendant and in favor of Plaintiff and the FLSA Class Members, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), and such interest as may be allowed by law;

C. Award Plaintiff and the FLSA Class Members their costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as may be allowed by law;

D. Grant Plaintiff and the FLSA Class Members such other and further relief as the Court may deem just and proper;

E. Declare Count II of this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23;

F. Under Count II, determine the damages sustained by Plaintiff and the Massachusetts Class members as a result of the Defendant's violations of Mass. G. L. c. 151, §§1A and 1B and award treble damages against the Defendant and in favor of said Plaintiff and the Massachusetts Class Members, and such interest as may be allowed by law;

G.   Award Plaintiff and the Massachusetts Class Members their costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as may be allowed by law; and

H.   Grant Plaintiff and the Massachusetts Class Members such other and further relief under Massachusetts law as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

By their attorneys,

_____
Jeffrey S. Morneau, Esquire (BBO# 643668)
DONOHUE, HYLAND & DONOHUE, P.C.
1707 Northampton Street
Holyoke, Massachusetts 01040
Tel:   (413) 536-1977
Fax:   (413) 538-7138