**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)**

---------------------------------------------------------------X

**NATHAN BROOKS, LARRY BARTLETT, MICHAEL LEMIEUX, EDUARDO ARANGO, RADOSLAW RUDSKI, and ARMAND GAMACHE,** Individually and on Behalf of All Other Persons Similarly Situated,

                              Plaintiffs,

       v.

**HALSTED COMMUNICATIONS, LTD, HALSTED COMMUNICATIONS LLC, and KIRK HALSTED,**

                              Defendants.

C.A. No. 07-CV-30164-MAP

**NOTICE OF CLASS ACTION SETTLEMENT AND SETTLEMENT HEARING**

TO:    ALL PERSONS EMPLOYED BY HALSTED COMMUNICATIONS, LTD ("HALSTED") AS SATELLITE TECHNICIANS (1) IN MASSACHUSETTS AFTER AUGUST 10, 2005, (2) IN NEW YORK AFTER MARCH 19, 2004, OR (3) WHO FILED AN OPT-IN CONSENT FORM IN THIS ACTION.

**PLEASE READ THIS NOTICE CAREFULLY.**

If you were employed by Halsted as a Satellite Technician (1) in Massachusetts after August 10, 2005, (2) in New York after March 19, 2004, or (3) you filed an Opt-In Consent Form in this Action ("Consent"), you may be entitled to a payment under the Settlement described below.

All questions or inquiries regarding this Notice and/or Settlement, including the amounts estimated to be payable if the Settlement is approved, should be directed to Jeffrey S. Morneau, Donohue, Hyland & Donohue, P.C., 1707 Northampton Street, Holyoke, Massachusetts 01040 (413) 536-1977 or **jmorneau@donohuehyland.com** -or- Suzanne Garrow or Thomas J. McCormick, Heisler, Feldman, McCormick & Garrow, P.C., 1145 Main Street, Suite 508, Springfield, MA 01103, 413-788-7988, or **sgarrow@hfmgpc.com** or tmccormick@hfmgpc.com. PLEASE DO NOT CONTACT THE COURT, THE JUDGE, DEFENDANTS, OR DEFENDANTS' ATTORNEYS WITH ANY INQUIRIES.

---

YOU ARE HEREBY NOTIFIED that a proposed settlement and Consent Decree ("the Settlement") of the above-captioned class action pending in the United States District Court for the District of Massachusetts (the "Action") has been reached by the parties and has been granted preliminary approval by the Court supervising the Action.  The purpose of this Notice is to describe the Action, inform you of the terms of the Settlement and Consent Decree, and inform you of your rights and options in connection with the Settlement. If the Consent Decree is finally approved, it will resolve all claims in the Action.  A hearing on the Settlement and Consent Decree will be held at _____ P.M. on _____, 2010, to determine whether the Consent Decree should be granted final approval by the Court.

## WHY SHOULD I READ THIS NOTICE

You received this Notice because it is believed that you were employed by Halsted as a Satellite Technician (1) in Massachusetts after August 10, 2005, (2) in New York after March 19, 2004, or (3) you filed an Opt-In Consent Form in this Action.  You are a "Massachusetts Class Member" if you worked in Massachusetts after August 10, 2005, a "New York Class Member" if you worked in New York after March 19, 2004, or a "FLSA Plaintiff" if you worked in another state and previously filed an Opt-in Consent Form in this Action. Massachusetts Class Members, New York Class Members, and FLSA Plaintiffs are referred to together in this Notice as "Settlement Beneficiaries."  If you are a Settlement Beneficiary, the information contained in this Notice affects your legal rights.  You should read this Notice carefully because you may be entitled to money under the Settlement.

## SUMMARY OF THE LITIGATION

The Action alleges that in violation of federal and state laws, Satellite Technicians employed by Halsted were not paid all overtime compensation and any other form of compensation associated with charge backs to which they were entitled under the law and seeks to recover damages from Halsted for these alleged damages, as well as liquidated damages, attorneys' fees, and costs.

Halsted denies Plaintiffs' claims and has raised various factual and legal defenses to those claims and has agreed to the Settlement without any admission of wrongdoing.

On _____ \_\_, 2010, the Court directed that this Notice be sent to all Settlement Beneficiaries who may be entitled to money under the Settlement.

## SUMMARY OF SETTLEMENT TERMS

The Plaintiffs and Defendants entered into a proposed Consent Decree in March, 2010.  The Court preliminarily approved the Settlement on _____, 2010.  The Court will hold a Final Approval Hearing on the Settlement on _____, 2010, in the United States District Court for the District of Massachusetts, 300 State Street, Springfield, MA 01105, when the Court will determine if the Settlement is fair, adequate, and reasonable and whether the Settlement and Consent Decree should be approved.  The principal terms of the Settlement Consent Decree are summarized in this Notice.  If you would like a complete copy of the Consent Decree, you may request one from any of Plaintiffs' Counsel.

Settlement Amount:  The Settlement Agreement provides that Halsted will pay Two Million Nine Hundred Thousand Dollars ($2,900,000.00) to settle the claims in the Action (the "Settlement Fund").  From this amount, the Court has approved, on a preliminary basis, the payments described in paragraphs 8-10 below.

Attorneys' Fees and Expenses:  Donohue, Hyland & Donohue, P.C. and Heisler, Feldman, McCormick & Garrow, P.C. ("Plaintiffs' Counsel") have served as the attorneys for the Plaintiffs and the Class Members in this Action.  They have been prosecuting this case on a contingency fee basis, without being paid, while advancing all the costs of litigating the case.  The Settlement provides that they may request that the Court award them attorneys' fees of $966,666.66.  Plaintiffs' Counsel also plan to ask to be reimbursed for the costs they have incurred throughout the case, up to a maximum of $55,000.00.  Any such payments must be approved by the Court before being deducted from the Settlement Fund.  Any amounts approved by the Court will constitute full payment for all legal fees and expenses of Plaintiffs' Counsel in the Action, including any work they do in the future.  These attorneys' fees are within the range of fees awarded to Plaintiffs' Counsel under similar circumstances in other cases of this type.

Plaintiffs' Compensation:  Plaintiffs' Counsel will also ask the Court to award the sum of $15,000.00 to Plaintiff Nathan Brooks, $15,000.00 to Plaintiff Larry Bartlett, $15,000.00 to Plaintiff Michael Lemiuex, $7,500.00 to Plaintiff Eduardo Arango, $7,500.00 to Plaintiff Radoslaw Rudski, $10,000.00 to Plaintiff Armand Gamache, and $10,000.00 to Plaintiff Daniel Slosek to compensate them for serving as the class representatives for you and the other persons entitled to payments under the Settlement.  Those individuals have been subjected to discovery by Defendants and have performed their duties in the best interest of the class.  If approved, these incentive awards will be paid out of the Settlement Fund.  These payments will be in addition to what they are entitled to receive under the Settlement as damages.

Settlement Administrator's Expenses:  The Settlement is being administered by Simpluris, Inc., P.O. Box 679560, Orlando, Florida 32867-9560 Phone: 800-779-2104; Fax: 714-824-8591; E-mail [halsted@simpluris.net](halsted@simpluris.net).  Plaintiffs' Counsel will ask the Court to reimburse the Settlement Administrator for fees and expenses that it has incurred and will incur, up to a maximum of $30,000.00.  If approved, these costs will be paid out of the Settlement Fund.

How the Remainder of the Settlement Proceeds will be Distributed to the Settlement Class: According to Halsted, you worked as a Satellite Technician for the company between _____ and _____, in the state(s) of _____.
Based on this information, your estimated payment under the Settlement is: _____.

PLEASE NOTE THAT THIS PAYMENT AMOUNT IS ONLY AN ESTIMATE AND MAY INCREASE OR DECREASE DEPENDING UPON ANY CORRECTIONS THAT NEED TO BE MADE WITH RESPECT TO OTHER SETTLEMENT BENEFICIARIES' DATES OF EMPLOYMENT OR STATE(S) WORKED IN WHICH MAY AFFECT THE CALCULATION OF YOUR SETTLEMENT AWARD.

IF THE DATES OF EMPLOYMENT SET FORTH ABOVE ARE INCORRECT, YOU SHOULD SO ADVISE THE SETTLEMENT ADMINISTRATOR AT _____ BY {30 DAYS FROM MAILING OF SETTLEMENT NOTICE}, 2010, AND THE SETTLEMENT ADMINISTRATOR WILL INVESTIGATE THE ACCURACY OF THE INFORMATION AND DECIDE WHETHER THE INFORMATION SHOULD BE CORRECTED.

A check for your share of the Settlement Fund will be sent to your most current address available at the time of payment, so it is important that you advise the Settlement Administrator or Plaintiffs' Counsel of any changes in your address. The settlement checks will be valid for one hundred twenty (120) days.

Taxes: The Settlement Awards to the FLSA Class Members and Massachusetts Class Members shall be treated as fifty percent (50%) wages and fifty percent (50%) nonwage income (liquidated damages) and shall be reported on IRS Form W-2 and Form 1099, respectively for tax year 2010 ("Wage Damage Award"). On the other hand, the Settlement Awards to New York Class Members shall be treated entirely as W-2 wage income. The usual and customary deductions will be made from the wage income allocated to each Settlement Beneficiary. Those deductions will be taken based on the information provided by you to Halsted while last employed by Halsted. Settlement Beneficiaries having questions about the tax consequences of the payments they may receive under the Settlement should consult with their tax advisors.

Unclaimed Funds: Any portion of the Settlement Fund that Settlement Beneficiaries do not claim by negotiating the checks sent to them within 120 days of issuance will be paid to workers' rights organization(s) of the Plaintiffs' choice.

Release: If approved by the Court, the Consent Decree will be binding on all Settlement Beneficiaries who do not opt out of the Consent Decree. All Settlement Beneficiaries will be unable to sue or otherwise assert any of the Released Claims against Defendants, their employees, officers, directors, shareholders or agents. "Released Claims" means all claims, demands, rights, liabilities, and causes of action, based on any conduct alleged or damages allegedly incurred from September 4, 2001 through the date of preliminary approval of this settlement, that were alleged, or which could have been alleged in the Complaint, and that existed as of the date of preliminary approval or prior thereto, whether known or unknown, asserted or that might have been asserted, for violations of Massachusetts or New York wage and hour laws or the Fair Labor Standards Act ("FLSA"),whether for economic damages, noneconomic damages, restitution, penalties, liquidated damages, interest, attorneys' fees, or costs against Defendants, and their respective past, present and future parent companies, subsidiaries, affiliates, divisions, agents, employees, owners, members, officers, directors, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns and insurers.

Condition of Settlement: The Settlement is conditioned upon the Court approving it and entering an order at or following the Final Approval Hearing finding that the Settlement and Consent Decree is fair, reasonable, adequate, and in the best interests of the Massachusetts Class Members, New York Class Members, and the FLSA Plaintiffs.

## YOUR OPTIONS

If you are a Settlement Beneficiary you should review the above information, which sets forth the dates during the Class Period in which you worked for Halsted as a Satellite Technician and the states in which you worked, according to Halsted's records. That information has been used to determine the amount of your payment. If the dates of employment or the state(s) you worked in are incorrect, you should promptly advise the Settlement Administrator in writing to Simpluris, Inc., P.O. Box 679560, Orlando, Florida 32867-9560 Phone: 800-779-2104; Fax: 714-824-8591; E-mail halsted@simpluris.net by _____, 2010 and the Settlement Administrator will investigate the accuracy of your dates of employment and the state(s) you worked in and will decide whether that information should be corrected.

If you are a Settlement Beneficiary and do not wish to receive money as part of the Settlement and be bound by the terms of the Consent Decree, but rather wish to puruse possible claims on your own, you may choose to exclude yourself by opting out of the Consent Decree. If you wish to opt out of the Settlement, you must send a written statement with your name, address, and phone number indicating that you do not wish to participate in the Settlement to the Settlement Administrator at the address set forth above. **In order to timely opt out of the Settlement, your written opt-out statement must be postmarked on or before** [45 days after notice sent]**, 2010. If you transmit your opt-out statement to the Settlement Administrator by a medium other than mail, then it must be received by the Settlement Administrator by** [45 days after notice sent]**, 2010, in order to be timely and effective.**

If you believe the Consent Decree should not be approved by the Court for any reason, you may state your objections to the Court. If you wish to do so, you must file your written objection with the Court, postmarked on or before [45 days after notice sent], 2010, stating why you object to the Consent Decree. In addition, you must serve copies of your objection by first class mail, postmarked on or before [45 days after notice sent], 2010, to Counsel for the parties at the addresses below:

| Plaintiffs' Counsel: | Defendants' Counsel: |
|---|---|
| Jeffrey S. Morneau | Douglas J. Hoffman |
| Donohue, Hyland & Donohue, P.C. | Jackson Lewis LLP |
| 1707 Northampton Street | 75 Park Plaza |
| Holyoke, MA 01040 | Boston, MA 02116 |
| Tel: (413) 536-1977 | |

## NO RETALIATION OR UNDUE INFLUENCE

Federal and state laws prohibit the Defendants from retaliating against employees who exercise their rights under the wage and hour laws. Additionally, the Defendants have agreed that they will not take any adverse employment action against any person because he or she does or does not participate in this Consent Decree, opts out of the Consent Decree, or objects to the Consent Decree. If you believe that Defendants have retaliated against you or taken an adverse

employment action against you as a result of any decision regarding this Settlement, you should contact Plaintiffs' Counsel.

## HEARING ON THE SETTLEMENT

The Final Approval Hearing will be held on _____, 2010 at _____ P.M. in the Hampshire Courtroom of the United States District Court for the District of Massachusetts located at 300 State Street, Springfield, MA 01105.  At that hearing, the Court will determine if the Settlement and Consent Decree are fair, reasonable, adequate, and in the best interests of the Massachusetts Class Members, New York Class Members, and the FLSA Plaintiffs.

You are not required to attend the Final Approval Hearing, unless you seek to object to the Consent Decree, although you may do so.  If you are satisfied with the Settlement, there is no need for you to appear.

## CHANGE OF ADDRESS

If you move after receiving this Notice, or if it was misaddressed, or if for any reason you want your payment or future correspondence concerning this Action and the Consent Decree sent to a different address, you should so advise Plaintiffs' Counsel.

## ADDITIONAL INFORMATION

This Notice is only a summary of the Action and the Consent Decree.  For a more detailed statement of the Action or Settlement, you may refer to the pleadings, the Consent Decree, and the other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the District of Massachusetts located at 300 State Street, Springfield, MA 01105, during regular business hours of each court day.  You also may obtain copies of this Notice and/or the Consent Decree or further information regarding the Settlement from the Settlement Administrator or Plaintiffs' Counsel.   PLEASE DO NOT CONTACT THE COURT, THE JUDGE, DEFENDANTS, OR DEFENDANTS' ATTORNEYS WITH QUESTIONS REGARDING THIS MATTER.

**Plaintiffs' Counsel**:

| | |
|---|---|
| Jeffrey S. Morneau, Esquire | Suzanne Garrow, Esquire |
| Donohue, Hyland & Donohue, P.C. | Heisler, Feldman, McCormick & Garrow, P.C. |
| 1707 Northampton Street | 1145 Main Street, Suite 508 |
| Holyoke, MA 01040 | Springfield, MA 01103 |
| Tel:  (413) 536-1977 | Tel: (413) 788-7988 |
| Fax: (413) 538-7138 | Fax: (413) 788-7996 |
| E-mail: jmorneau@donohuehyland.com | E-mail: sgarrow@hfmgpc.com |