UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

-------------------------------------------------------------X

NATHAN BROOKS, LARRY BARTLETT, MICHAEL LEMIEUX, EDUARDO ARANGO, RADOSLAW RUDSKI, and ARMAND GAMACHE, Individually and on Behalf of All Other Persons Similarly Situated,

                     **Plaintiffs,**

       v.

HALSTED COMMUNICATIONS, LTD, HALSTED COMMUNICATIONS LLC, and KIRK HALSTED,

                     **Defendants.**

C.A. No. 07-CV-30164-MAP

**[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs' Motion for Preliminary Approval of Class Action Settlement came on for hearing before this Court on March 19, 2010. Having considered the papers submitted in support of the motion, and having heard oral argument from the parties, and the Defendants having stated their non-opposition and consent to the motion, the Court HEREBY ORDERS THE FOLLOWING:

    1.    For settlement purposes only, the Court certifies a Massachusetts Settlement Class defined as:

> All persons who were employed by Halsted Communications, LTD ("Halsted") as Satellite Technicians in Massachusetts during the period August 10, 2005 to March 19, 2010 (the "Massachusetts Class").

1

2. For settlement purposes only, the Court certifies a New York Settlement Class defined as:

> All persons who were employed by Halsted Communications, LTD ("Halsted") as Satellite Technicians in New York during the period March 19, 2004 to March 19, 2010 (the "New York Class").

3. The Court confirms the class representatives as representatives of the Massachusetts Class and New York Class.

4. For purposes of settlement and final approval of this Settlement, the Court finds that the class representatives are appropriate representatives to give notice under the Fair Labor Standards Act (the "FLSA").

5. The Court grants preliminary approval of the Settlement on the terms set forth in the Consent Decree ("Consent Decree") filed by the parties. The Settlement appears to the Court on its face to be fair, adequate, and reasonable.

6. The Court approves, as to form and content, the Settlement Notice which is attached as Exhibit A to the Settlement Agreement. The Court finds that the dates selected for the mailing and distribution of the Settlement Notice set forth in paragraph 7 below meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

7. The Court orders the following schedule of dates for further proceedings:

   a. Within five (5) business days after entry of the Preliminary Approval Order, Plaintiffs' Counsel in cooperation with Defendants' Counsel will provide the Settlement Administrator with a list setting forth the name, dates of employment, and state(s) worked in during the applicable Class Period for each person who was mailed the Notice of Lawsuit and is a Settlement Beneficiary and the estimated Settlement Award for each Settlement Beneficiary.

   b. Within five (5) business days after entry of the Preliminary Approval Order, Defendants shall provide the Settlement Beneficiaries' social security numbers to the Settlement Administrator.

   c. Within ten (10) business days after entry of the Preliminary Approval Order, the Settlement Administrator shall send copies of the Notice approved by the Court in its Preliminary Approval Order to all Massachusetts Class Members, New York Class Members, and FLSA Plaintiffs, via first class regular U.S. mail, using the most current mailing address available in the Parties' possession.  The Notice shall include instructions on how a Massachusetts Class Member, New York Class Member, or FLSA Plaintiff may object to the Settlement, the procedure for opting out of the Settlement, the procedure by which the Settlement Fund will be distributed, and the amounts to be sought as Incentive Awards, Costs, and a Fee Award.  The Settlement Notice shall also include for each FLSA Plaintiff, Massachusetts Class Member, and New York Class Member that lists their dates of employment, and state(s) they worked in during the applicable Class Period, and estimated Settlement Award, according to Defendants' records, and instructions on how to challenge any alleged inaccuracies with respect to that information by contacting the Settlement Administrator.

   d. Any Notices returned to the Settlement Administrator with a forwarding address shall be re-mailed by the Settlement Administrator within seven (7) days following receipt of the returned mail. If any Notice is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts such as skip traces to search for the correct address (for example, by using the Lexis-Nexis "Accurint" database), and shall promptly re-mail the Settlement Notices to any newly found addresses.

   e. By May \_\_\_\_\_, 2010, any objection to the settlement made by any Massachusetts Class Member, New York Class Member, or FLSA Class Member must be filed with the Court and served on counsel for the Parties.

   f. By May \_\_\_\_\_, 2010, any Massachusetts Class Member or New York Class Member who wishes to opt out of the Settlement must mail his or her written request to do so to the Settlement Administrator, postmarked. Opt-out requests submitted after that date will be accepted only upon a showing of good cause for the delay.

  8. The Final Approval Hearing shall be held at _____ on _____, 2010.

  9. Within three days following Final Approval of this settlement, or on July 1, 2010, whichever is later, Defendants will cause to be paid to the Settlement Administrator the amount of $2,900,000.00 in full settlement of the Released Claims, as that term is defined in the Consent Decree.

  10. The Court confirms the law firms of Donohue, Hyland & Donohue P.C. and Heisler, Feldman, McCormick & Garrow, P.C. as Class Counsel.

11. The Court confirms Simpluris, Inc., having its offices at 3176 Pullman Street, Suite 123, Costa Mesa, CA 92626, as the Settlement Administrator.

IT IS SO ORDERED, THIS \_\_\_\_ DAY OF _____, 2010.

_____
Michael A. Ponsor
United States District Court Judge